Filing # 21446802 Electronically Filed 12/10/2014 11:52:48 AM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CARLOS RODRIGUEZ,
and other similarly situated individuals,

    Plaintiff(s),

vs.                                         Case No. 14-CA-1269

FIAMMA, INC.,
a Foreign Profit Corporation,

    Defendants.
_____/

## AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, CARLOS RODRIGUEZ ("Plaintiff"), and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants, FIAMMA, INC. ("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident ORANGE County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, FIAMMA, INC. is a Florida Profit Corporation having its main place of business in ORANGE County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in ORANGE because all of the actions that form the basis of this Complaint occurred within ORANGE County and payment was due in ORANGE County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as an non-exempt employee from on or about May 2013 to on or about May 8th, 2014

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. During Plaintiff's employment, Plaintiff worked approximately forty two (42) hours of overtime per week in which he was not properly compensated.

11. From on or about May 2013 to on or about May 8th, 2014, Plaintiff was not properly compensated for all hours worked.

12. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

13. Plaintiff was not paid for all hours worked, as proscribed by the laws of the United States and the State of Florida.

14. Defendants fired the Plaintiff in retaliation to his complaint regarding his unpaid overtime wages.

## COUNT I
### Breach of Agreement Against FIAMMA, INC.

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

17. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### Quantum Meruit Against FIAMMA, INC.

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

19. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

20. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

21. Defendants accepted Plaintiff's services to Defendants.

22. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

23. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against FIAMMA, INC.*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

25. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

26. Defendants have knowledge of the services performed and provided by Plaintiff.

27. Defendants voluntarily accepted the services performed and provided by Plaintiff.

28. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

29. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
*Wage & Hour Federal Statutory Violation Against FIAMMA, INC.*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

WHEREFORE, Plaintiff CARLOS RODRIGUEZ, and demand a declaratory of rights finding that an employer-employee relationship existed, Plaintiff were not paid the required overtime rate for their regular hours worked, Plaintiff worked over forty hours in a work without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiff are entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 12/10/14

Respectfully submitted,

Peter Hoogerwood, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005