UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS RODRIGUEZ, and other
similarly situated individuals,

    Plaintiff,

v.                                              Case No:   6:15-cv-10-Orl-22TBS

FIAMMA, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Renewed Joint Motion for Approval of Parties' Settlement Agreement (Doc 22).  After due consideration I respectfully recommend that the motion be **granted**.

### I. Background

Plaintiff Carlos Rodriguez alleges that Defendant Fiamma, Inc., failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 2).  Plaintiff also alleges counts for breach of contract, quantum meruit and unjust enrichment (Id.).  Defendant answered the amended complaint, denying liability and asserting fifteen affirmative defenses (Doc. 4).  In his answers to the Court's standard FLSA interrogatories, Plaintiff states that he was employed by Defendant as a production/assembly lead/supervisor from August 29, 2006 through May 9, 2014 (Doc. 16, Nos. 1, 4).  He was paid $16.75 per hour, and put in an unknown number of overtime hours for which he was not paid (Id., No. 7).  Plaintiff did not provide an estimate of his damages (Id.).

The parties notified the Court that they had settled the case, and filed their Joint

Motion for Approval of Parties' Settlement Agreement (Docs. 19-20). After reviewing the settlement agreement I informed the parties that I could not recommend its approval because it contained a pervasive release and a confidentiality clause (Doc. 21). The parties have amended their settlement agreement to address my concerns (Doc. 22-1).

Under the parties' settlement agreement, Plaintiff will receive $527 in overtime wages and the same amount in liquidated damages. His attorney will receive $1,446 for fees and costs. The parties and their counsel recommend approval of this settlement to the Court (Doc. 22).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement rather than an examination conducted by the Secretary of Labor. My

assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

There is no evidence of fraud or collusion in the making of the parties' settlement agreement. They agreed to settle within the context of a lawsuit in which they are both represented by counsel. The complexity, expense and likely duration of the litigation is not a material consideration in this case. With one exception, this appears to be a run-of-the-mill FLSA case. The only twist to the case is that on May 9, 2014, the last day of his employment, Plaintiff gave Defendant a release and waiver of all claims in exchange for a payment of $2,045.70 (Doc. 4-1). Plaintiff filed this lawsuit in state court on December 10, 2014, and the case was removed to this Court on January 6, 2015 (Doc. 1 at 1). The release may be a complete defense to Plaintiff's claims. Consequently, and because he was unable to provide an amount of damages in his answers to the Court's interrogatories Plaintiff should be concerned about the probability that he will succeed on the merits (Docs. 2, 4, 16). It appears that the parties have had sufficient time to engage

in discovery, and they have agreed to settle based upon the advice of their counsel (Doc. 22 at 2-4).

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).  Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery.  Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).  "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."  Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).  Here, the parties agree that $1,446 in fees and costs is reasonable and that this amount was negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum (Doc. 22 at 1). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel.  See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties amended settlement agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that:

(1) The parties' Joint Motion for Approval of Parties' Settlement Agreement (Doc 20), be **DENIED as moot**.

(2) The parties' Renewed Joint Motion for Approval of Parties' Settlement Agreement (Doc. 22) be **GRANTED** and the parties' Settlement Agreement and Release (Doc. 22-1), be **APPROVED** by the district court.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record